FRASER AND CHALMERS, a Corporation, Re-
SPONDENT *v.* CHARLES CRANE and W. H.
REMINGTON, Appellants.[1]

Construction of Contract—Variance—Non-Suit—Acceptance
—Evidence.

*Construction of Contract—Variance—Non-Suit.*

Appellants agreed in writing "to assume any contracts by H.
for a gas producer and necessary fittings and extras that may
be needed to the amount of $2,000." In an action to recover
on this instrument, respondent introduced proof that H. was
the inventor of a design for a gas producer for which he had
made application for patent, and defendants owned each a
third interest. H. went to Chicago at the request of his co-
owners, to have a test machine made, gave a written order to
respondent for a gas producer in the construction of which
the drawings and work were to be done under H's personal
supervision, and upon respondent's demand for security, the
above agreement of appellants was furnished to respondent
who thereupon constructed a gas producer, the drawings and
work being done under H's personal supervision. There was
also proof of the cost of the machine. It was not proved that
the machine was patented, and it did not appear that it was
a well known machine, nor that respondent was engaged in
making such machines. *Held,* that a *prima facie* case was
made out, and the motion for a non-suit properly denied.
*Held,* further, that although the complaint stated that it was
a patented machine and no proof was furnished to that effect,
the allegation was immaterial, and appellants were bound to
the limit stated, for a gas producer constructed according to
the written order of H., who was their agent. *Held,* also,
that the agreement assuming H's contract did not limit the

[1] EDITOR'S NOTE—This case was omitted from volume 17 by mis-
take.

20 Utah—5.

cost of the machine but simply restricted appellants' liability to $2,000.

*Acceptance—Evidence.*

> H., as agent for appellants, procured the construction of a gas producer by respondent, the former assuming any contracts by H. for a gas producer to the amount of $2,000. There was no limitation to any particular gas producer, and respondent constructed the machine in accordance with the written order of appellants' agent. *Held,* that H's acceptance of the work was immaterial and the refusal of the court to permit appellants to show that the acceptance was obtained by collusion with the agent, was not prejudicial error.

(Decided September 21, 1898.)

Appeal from Third District Court, Salt Lake County, Hon. John A. Street, *Judge.*

Action by plaintiff against defendants upon a written assumption of the contracts of H. for a gas producer within the limit of $2,000. From a judgment in favor of plaintiff, defendants appeal. *Affirmed.*

The opinion states the facts.

*Messrs. Krebs & Hoppaugh,* for appellants.

There was a total failure of proof. That this is fatal, see *Peay* v. *Salt Lake City,* 11 Utah, 331; *Turner* v. *Insurance Co.,* 10 Utah, 72; *Elliot* v. *Caldwell,* (Minn.) 9 L. R. A. 52; *Dermatt* v. *Jones,* 23 How. (U. S.) 220.

The plaintiff alleging a contract must prove the contract and performance substantially as he alleges it. *Rawlings* v. *Y. M. C. A.,* 66 N. W. 1124; *Sherman* v. *Port Huron, Engine, etc. Co.,* 66 N. W. 1077; *Heath & Milligan Mfg. Co.* v. *Flannery,* 58 Ill. App. 300.

If this were a guaranty see *Davis Sewing Machine Co.* v. *Richards,* 115 U. S. 524 (Book 29 L. Ed. 480); *New-*

*man* v. *Streator Coal Co.*, 18 Ill. App. 594; *Duncan* v. *Heller*, 13 S. Car. 94, 9 A. & E. Enc. of Law 78.

If it be governed by the ordinary rules of contracts, see 3 A. & E. Enc. of Law, 853.

It was not the machine defendants contracted for and there was not even a substantial performance of the contract. *Clark* v. *Collin*, (Cal.) 34 Pac. 677; *Newman Lumber Co.* v. *Purderm*, 41 Ohio St. 373; *Elliot* v. *Caldwell*, (Minn.) 9 L. R. A. 55; *Swain* v. *Seameans*, 9 Wall. (U. S.) 254.

*Messrs. Bennett, Harkness, Howat, Bradley* and *Richards* for respondent.

The complaint alleges acceptance, but it also shows it was not a guaranty, but an original undertaking. They did not become collaterally bound for H., but assumed his contracts and made them their own up to $2,000.

It has none of the elements of a guaranty, and more nearly resembles a suretyship. Enc. of Law, Vol. 9, p. 68; Enc. of Law, Vol. 24, p. 716.

The question of acceptance was wholly ·immaterial. There was no occasion for any acceptance. Plaintiff did work and furnished material under H.'s direction and plans, and defendants' liability for the work and ·material accrued when they were done and furnished, and did not depend on any acceptance or the result or value of the producer, and the plaintiff's cause of action was not for a producer accepted or unaccepted.

The plans were made, material ordered, and work done under the direction of H., and he, the agent and partner of the defendants, admitted satisfaction and accepted the producer.

BARTCH, J.

This suit was brought by the plaintiff against the defendants to recover a certain sum of money, alleged to be due, by virtue of a written instrument which reads as follows:

"SALT LAKE CITY, UTAH, October 25, 1892.
"Messrs. Fraser and Chalmers,
                    "Salt Lake City, Utah.

"We agree to assume any contracts by Mr. Hannes for Gas Producer and necessary fittings and extras that may be needed to the amount of $2,000.

                    "Yours truly,
                            "CHAS. CRANE,
                            "W. H. REMINGTON."

Previous to the execution of this instrument, the plaintiff had received an order from Mr. Hannes, referred to therein, which reads:

                            "October 13, 1892.
"Fraser and Chalmers, Incorporated, Chicago, Ill.

"Gentlemen:—You will please enter credit for the following described machinery:

"No. of Pieces, 1.    Price, ——.

"Gas Producer complete.   In the construction of this producer the drawings and work will be done under my personal supervision, and the charges for labor and material shall not be in excess of your regular established rates for similar work.   It is understood that a proposition is to be entertained for giving the exclusive right to manufacture the Hannes gas producer to Fraser and Chalmers, and in case a satisfactory arrangement can be made this order will be subject to the terms and conditions of the contract for exclusive right, but in case no agreement is reached then the work done and material furnished is to be paid as above.

                    "(Signed)    W. F. HANNES."

It appears that Hannes was the inventor of a design for a gas producer; that application had been made for a patent therefor; and that he had transferred to each of the defendants one-third interest in the invention. The owners, it seems, were desirous of having a machine or producer made to test the invention, and sent Hannes to the plaintiff in Chicago to direct and superintend its construction, and he gave the above order. The plaintiff demanded security for building the gas producer, and, upon receiving the instrument first above quoted, proceeded with the construction and completed a machine.

From the testimony of the plaintiff it appears that the machinery was constructed according to plans and drawings prepared by Hannes, and under his exclusive supervision and direction, and that the plaintiff furnished the labor and material as required by him.

The testimony of the defendants tends to show that the machine was not built in accordance with the plans of Hannes, or of any submitted by the defendants to the plaintiff or its agent. It is claimed by the defendants that Hannes had no authority to act for them in the matter, except to hasten the construction of the machine, and it seems that the plaintiff was not aware that Hannes had associates.

Upon the submission of the case to the jury, a verdict for $1,356 was returned in favor of the plaintiff, and, after judgment was entered thereon, the defendants appealed. Among various errors assigned is one, respecting the action of the court in denying their motion for a nonsuit, when the plaintiff rested its case. It is contended that no attempt was made to connect the machine constructed, with the one for which appellants agreed to pay.

In the complaint, it is alleged that the defendants made application to the plaintiff to manufacture and furnish to

Hannes, the necessary machinery and material for a gas producer, and the instrument in writing of October 25th, 1892, in which the defendants assumed "any contracts by Mr. Hannes for Gas Producer and necessary fittings and extras needed" to the amount of $2,000 was set out in full and formed the basis of the action. Then it was further alleged that upon the order, and under the direction of Hannes, the plaintiff manufactured and delivered to Hannes machinery, fixtures and fittings for the gas producer; that the same were delivered to Hannes upon the credit of the defendants, and charged to them pursuant to their written agreement; that they were accepted by Hannes; and that upon demand made the defendants refused payment therefor. It was also alleged that the defendants were to be co-owners of the invention with Hannes, and that it was a patented invention. When the motion for non-suit was made, the proof showed the order of Hannes, of October 13, 1892, for a gas producer, in the construction of which the drawings were to be made and work done under his personal supervision. It was further shown in evidence that the gas producer was not a known machine or appliance; that the plaintiff was not engaged in making such machines; that the one in question was made under the exclusive direction and supervision of Hannes, upon the credit of the defendants; that Hannes' instructions for the construction of the machine were implicitly followed, and that defendants had assumed the contracts of Hannes for a gas producer to the amount of $2,000. An itemized account of the cost of the machine had also been introduced in evidence.

Without further reference to the testimony in detail, we are of the opinion that the proof supported the material allegations of the complaint sufficiently to establish a *prima facie* case, and therefore the motion for a non-suit was

properly denied. It is true, as alleged by the appellants, the complaint alleges the fact that the producer was a patented invention, and there was no proof in support of that allegation. The allegation itself, however, was immaterial under the circumstances, because, as Hannes, by the agreement of the defendants, set up in the complaint, and the evidence, was shown to have been the agent of the defendants, and as the machine was constructed under his immediate direction and supervision, the plaintiff merely furnishing the labor and material, the defendants were equally bound by his contracts to the extent of $2,000, whether the completed machine conformed strictly to the patented invention or whether it was in some respects a departure therefrom, so long as it was a gas producer. The failure of proof, therefore, as to an immaterial allegation could not defeat plaintiff's right to recover and was no sufficient ground for the granting of a non-suit. Nor does the fact that the machine when completed cost more than $2,000, relieve the appellants from liability under the contracts of Hannes, for any sum less than that amount. Their agreement of assumption did not limit the price of the producer, but simply their liability, which, regardless of the cost of the machine, could not exceed the sum mentioned in the writing. We discover no fatal variance between the allegations of the complaint and the proof.

It is also contended for the appellants that the court erred in refusing to permit the witness Trent to testify that Hannes' letter of acceptance of the gas producer, was obtained by getting him a position in Mexico. That Hannes was the agent of the appellants to procure the construction of a machine is a fact established beyond reasonable controversy by the pleadings and evidence. The appellants agreed to "assume any contracts by Mr. Hannes for gas producer" to the amount of a stipulated

sum. There was no limitation in the writing or agreement to any particular gas producer. Nor is there anything in the writing which limited the agent's authority. There is competent evidence which shows that the plaintiff merely furnished the labor and material, and that the producer was constructed as designed and planned by the agent, and under his exclusive direction and supervision. This was in accordance with the agent's order for the machine. It is thus clear from the appellant's agreement, the evidence and order of the agent that when the material was furnished and work done, the liability of the principals for any sum due, not exceeding the limit stipulated, was complete, and did not depend on any acceptance, or result of the producer, or value thereof.

Under the facts and circumstances disclosed by the record, the matter of acceptance was thus wholly immaterial, and, therefore, even though the evidence offered was admissible, its exclusion was not prejudicial error.

It is not deemed important to discuss the other questions presented in this case. We have carefully considered the whole record and have found no reversible error.

The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.